IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH EAGER POYNTER, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-0804 |
| GAIL WATTS, | * | |
| CAROLYN SCRUGGS, | | |
| B. THOMAS, and | * | |
| BALTIMORE COUNTY DETENTION CENTER, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Self-represented plaintiff Keith Eager Poynter, Jr., currently incarcerated at Baltimore County Detention Center, brought this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. Poynter alleges that on December 29, 2019, he was assaulted at the Baltimore County Detention Center ("BCDC") and, in doing so, defendants violated his rights.

On July 29, 2020, a Motion to Dismiss or, in the Alternative, for Summary Judgment was filed by three of the defendants, Baltimore County Detention Center, Scruggs and Watts.[1] ECF No. 14. Poynter filed a response in opposition to the motion, that was docketed as an "Affidavit." ECF No. 17.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the defendants' motion, construed as a motion to dismiss, will be granted.

### Background

Poynter alleges in the complaint that on December 29, 2019 he was assaulted by defendant Thomas with a handcuff key. He states he was struck multiple times in his face and sustained a

---

[1] On July 29, 2019, Defendant Thomas filed an Answer to the Complaint. ECF No. 15.

laceration to his forehead.  He describes the injury as a "gash" that left a mark that will cause him to be "ugly" for the rest of his life.  Poynter states that the "Director" is responsible because the inmate handbook prohibits this type of conduct.  ECF No. 1 at 3.  Poynter seeks to be removed from the facility where he is confined (BCDC), and monetary damages.

In Poynter's response to defendants' motion, he states in the memorandum that defendant Scruggs is the former Deputy Director at BCDC and defendant Watts is the Director at BCDC. ECF No. 17-1 at 1.  Poynter asserts that Watts should be held liable because she is a "supervisor" of defendant Thomas.  ECF No. 17-1 at 3.  Poynter also summarily alleges that Watts failed to properly train her staff.  ECF No. 17-1 at 5.

## Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

## Analysis

Poynter's claim, which seeks to hold defendants Watts and Scruggs liable for the action of a subordinate officer, B. Thomas, must be dismissed for failure to allege personal participation.  In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d

2

766, 782 (4th Cir. 2004).  A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff.  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, Poynter has not alleged any personal participation by defendants Watts and Scruggs.  Poynter states that Watts failed to properly train her staff and that Thomas's actions are a violation of the inmate handbook.  These conclusory statements do not support a claim for supervisory liability.  Poynter has not provided facts indicating that defendant Thomas acted in this instance under the direction of Watts or Scruggs. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Nor has Poynter alleged any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability.  *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse").  Accordingly, Poynter's claims

against Watts and Scruggs shall be dismissed.

Additionally, BCDC and its address is listed in the case caption as a defendant.[2] Naming institutions or using the term "staff" or the equivalent as a name for alleged defendants, without naming specific staff members, is insufficient to state a claim against a "person" in a § 1983 action. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (other citations omitted); *see also Horton v. Kopp*, 2018 WL 1243537, at *6 (D. Md. 2018). Baltimore County Detention Center will be dismissed as a Defendant.

## Conclusion

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, construed as a motion to dismiss, is granted. Defendants Watts, Scruggs and Baltimore County Detention Center are dismissed from this action. Poynter's Complaint against Thomas may proceed.

A separate Order follows.

\_\_\_\_1/20/21_____                                  _____/S/_____
Date                                                                           Catherine C. Blake
                                                                               United States District Judge

---

[2] It is not clear if Poynter intended to name BCDC as a defendant or instead listed BCDC in order to provide defendants' address.